Slip Op. 18-54

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **UNITED STATES STEEL CORPORATION,** | |
| **Plaintiff,** | |
| | **Before: Claire R. Kelly, Judge** |
| **v.** | **Court No. 17-00190** |
| **UNITED STATES,** | |
| **Defendant.** | |

## <u>OPINION</u>

[Granting Defendant's motion to dismiss and dismissing Plaintiff's complaint.]

Dated: May 18, 2018

<u>Luke Anthony Meisner</u>, Schagrin Associates, of Washington DC, argued for plaintiff United States Steel Corporation.

<u>Agatha Koprowski</u>, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, argued for defendant.  With her on the brief were <u>Chad A. Readler</u>, Acting Assistant Attorney General, <u>Jeanne E. Davidson</u>, Director, and <u>L. Misha Preheim</u>, Assistant Director.  Of counsel on the brief was <u>Reza Karamloo</u>, Attorney, Office of the Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce.

Kelly, Judge:  Before the court is Defendant's motion to dismiss United States Steel Corporation's ("Plaintiff") complaint challenging the Department of Commerce's ("Commerce") amended antidumping duty order issued in connection with the final determination in the antidumping duty ("ADD") investigation into oil country tubular goods ("OCTG") from India.  <u>See</u> Def.'s Mot. Dismiss, Nov. 29, 2017, ECF No. 15 ("Mot. Dismiss").  Defendant moves to dismiss, contending that the Court lacks subject-matter jurisdiction because Plaintiff's claim is untimely, and contending in the alternative that, even if the Court has jurisdiction, Plaintiff failed to state a claim upon which relief can be

granted.  See id. 7–16; see also USCIT R. 12(b)(1); USCIT R. 12(b)(6).  For the reasons

that follow, Defendant's motion to dismiss is granted.

## BACKGROUND

Commerce initiated the underlying ADD investigation of certain oil country tubular

goods from India on July 29, 2013.  See Certain [OCTG] from India, the Republic of Korea,

the Republic of the Philippines, Saudi Arabia, Taiwan, Thailand, the Republic of Turkey,

Ukraine, and the Socialist Republic of Vietnam, 78 Fed. Reg. 45,505, 45,506–12 (Dep't

Commerce July 29, 2013) (initiation of [ADD] investigations).  Commerce published a final

affirmative determination in the investigation on July 18, 2014, see Certain [OCTG] From

India, 79 Fed. Reg. 41,981 (Dep't Commerce July 18, 2014) (final determination of sales

at less than fair value and final negative determination of critical circumstances) ("Final

Results"), and issued the initial ADD order on September 10, 2014.  See Certain [OCTG]

from India, the Republic of Korea, Taiwan, the Republic of Turkey, and the Socialist

Republic of Vietnam, 79 Fed. Reg. 53,691 (Dep't Commerce Sept. 10, 2014)

(antidumping duty orders) ("ADD Order").

The rates set for respondents Jindal SAW Ltd. ("Jindal SAW") and GVN Fuels

Limited ("GVN") were challenged before this court in United States Steel Corp. v. United

States, Consol. Court No. 14-00263 ("Consol. Court No. 14-00263").  No party challenged

the all-others rate.  The court remanded for further consideration or explanation several

issues, see United States Steel Corp. v. United States, 40 CIT __, __, 179 F. Supp. 3d

1114, 1156 (2016) ("U.S. Steel I"), and Commerce issued the results of its remand

redetermination pursuant to the remand order in U.S. Steel I on August 31, 2016.  See

Final Results of Redetermination Pursuant to Remand, (Aug. 31, 2016) ("Remand

Results"), available at https://enforcement.trade.gov/remands/16-44.pdf (last visited May

15, 2018).  On remand, this court sustained Commerce's <u>Remand Results</u>.  <u>See</u> <u>United States Steel Corporation v. United States</u>, 41 CIT __, __, 219 F. Supp. 3d 1300, 1325 (2017) ("<u>U.S. Steel II</u>").

To conform the <u>Final Results</u> with the court's decisions in <u>U.S. Steel I</u> and <u>U.S. Steel II</u>, Commerce published in the Federal Register a notice announcing that there was a court decision not in harmony with a prior determination and amended the <u>Final Results</u>. <u>See</u> <u>Certain [OCTG] From India</u>, 82 Fed. Reg. 17,631 (Dep't Commerce Apr. 12, 2017) (notice of court decision not in harmony with final determination of sales at less than fair value and final negative determination of critical circumstances and notice of amended final determination) ("<u>Amended Final Results</u>").  Although the <u>Amended Final Results</u> listed new rates for the mandatory respondents, it made no reference to the all-others rate.  Subsequently, on June 20, 2017, Commerce published an amendment to the <u>ADD Order</u>, listing the estimated weighted-average dumping margins for Jindal SAW at 11.24% and for all others at 5.79%.[1]  <u>See</u> <u>Certain [OCTG] From India</u>, 82 Fed. Reg. 28,045, 28,046 (Dep't Commerce June 20, 2017) (amendment of [ADD] order) ("<u>Amended ADD Order</u>").

Following the publication of the <u>Amended ADD Order</u>, counsel for Plaintiff contacted Commerce and "requested that the all-others rate be corrected based on the revised dumping margins calculated for GVN and Jindal SAW in the [<u>Amended Final</u>

---

[1] In the <u>Final Results</u>, the all-others rate was 5.79%, an average of the calculated weighted-average dumping margins for Jindal SAW (9.91%) and GVN (2.05%).  <u>See</u> <u>Final Results</u>, 79 Fed. Reg. at 41,982.  However, as a result of <u>U.S. Steel I</u> and <u>U.S Steel II</u>, Commerce revised Jindal SAW's weighted-average dumping margin to 11.24% and GVN's weighted-average dumping margin to 1.07% (de minimis) in the <u>Amended Final Results</u>.  <u>See</u> <u>Amended Final Results</u>, 82 Fed. Reg. at 17,631.  Consequently, had Commerce recalculated the all-others rate following the decision in <u>U.S. Steel II</u>, the all-others rate would have increased to 11.24%, as GVN's de minimis rate would have been excluded.

Results]." Resp. Br. of Pl. United States Steel Corp. Opp'n Def. United States' Mot.

Dismiss at 3 n.1, Jan. 10, 2018, ECF No. 18 ("Pl.'s Resp.") (citation omitted). Commerce

responded that the Amended ADD Order "fully effectuate[s] the court's affirmed remand."

Id. at Appendix at Tab A1 (reproducing a copy of Commerce's response to Plaintiff's

attorney's request for recalculation of the all-others rate, dated June 27, 2017).[2]

On July 20, 2017, Plaintiff commenced the present action challenging the all-others

rate published in the Amended ADD Order. Compl. at ¶¶ 1, 18, July 20, 2017, ECF No.

4. Plaintiff claims that the correct all-others rate imposed by Commerce should have been

11.24%, the rate assigned to Jindal SAW. Id. at ¶ 18. Further, Plaintiff claims that the

Court has jurisdiction pursuant to either 28 U.S.C. § 1581(c) and 19 U.S.C. § 1516a(a)(2),

or, in the alternative, 28 U.S.C. § 1581(i). Id. at ¶ 2. Jurisdiction exists, Plaintiff argues,

because it timely filed its challenge to a reviewable determination embodied in the

Amended ADD Order within the statutorily prescribed time periods of 19 U.S.C.

§ 1516a(a)(2)(A)(i)(II) and 19 U.S.C. § 1516a(a)(2)(B)(i). See Pl.'s Resp. at 9–11.

Plaintiff argues that it was only upon publication of the Amended ADD Order that

Commerce's decision to calculate the all-others rate using dumping margins of Jindal

SAW and GVN, invalidated by U.S. Steel I and U.S. Steel II, became known. See id. at

10–11. Plaintiff argues that Commerce should have followed its statutory directive in 19

U.S.C. § 1673d(c)(5)(A), as well as its past practice, and should have recalculated the

---

[2] Following the communication from Commerce to Plaintiff's counsel, Commerce published in the Federal Register a correction to the Amended Final Results and the Amended ADD Order. See Certain [OCTG] From India, 82 Fed. Reg. 35,182 (Dep't Commerce July 28, 2017) (notice of correction to amended final determination and amendment of [ADD] order). The correction made was not in regards to the all-others rate.

all-others rate based on the rates calculated for Jindal SAW and GVN after the court sustained Commerce's remand redetermination. See id. at 5–8.

Defendant argues that the Court lacks jurisdiction over this action because Plaintiff's challenge to the calculation of the all-others rate is untimely. See Mot. Dismiss at 7–9. The time to challenge the calculation of the all-others rate, according to the Defendant, was after the issuance of the Final Results, not the Amended ADD Order. See id. Defendant also makes two arguments in the alternative, should the court determine that jurisdiction exists. See id. at 9–16. First, Defendant argues that Plaintiff's claim is precluded because Plaintiff failed to raise it in its challenge to the Final Results, i.e., in the proceedings leading to the court's decision in U.S. Steel I. See id. at 9–13. Second, Defendant argues that Plaintiff failed to exhaust its administrative remedies during the litigation in Consol. Court No. 14-00263 and, as a result, has waived its challenge to the all-others rate. See id. at 13–16.

The court held oral argument on April 10, 2018, see Oral Arg., Apr. 10, 2018, ECF No. 29, and subsequently, at the court's request, the parties submitted supplemental briefing in further support of their positions.[3] See Def.'s Suppl. Br., Apr. 23, 2018, ECF

---

[3] At oral argument, Defendant also argued that Plaintiff's claim arose, if it all, at the time when the Timken Notice was published in the Federal Register following this court's decision in U.S. Steel II and did not list an all-others rate. See Oral Arg. at 00:58:54–00:59:07, 00:59:25–00:59:49. In its supplemental brief, Defendant argues that if Commerce decides to recalculate the all-others and the all-others rate was not challenged in the complaint nor mentioned in the remand redetermination, it will do so, if at all, "in an amended final determination accompanying a Timken Notice." Def.'s Suppl. Br. at 5, Apr. 23, 2018, No. 31 (citing e.g., Oil Country Tubular Goods from Turkey, 81 Fed. Reg. 12,691, 12,691 (Dep't Commerce Mar. 10, 2016) (notice of court decision not in harmony with the final determination of the countervailing duty investigation) ("OCTG from Turkey"); Stainless Steel Sheet and Strip in Coils from Germany, 67 Fed. Reg. 15,178, 15,179 (Dep't Commerce Mar. 29, 2002) (amended final determination of [ADD] investigation)

(footnote continued)

No. 31; Pl. United States Steel Corp.'s Br. Resp. Ct.'s Apr. 11, 2018 Letter, Apr. 23, 2018,

ECF No. 32.

## STANDARD OF REVIEW

The party seeking the Court's jurisdiction has the burden of establishing that

jurisdiction exists.  See Norsk Hydro Can., Inc. v. United States, 472 F.3d 1347, 1355

(Fed. Cir. 2006); see also Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377

(1994).  When deciding a motion to dismiss for lack of subject-matter jurisdiction, the

Court must first determine whether the motion seeking dismissal "challenges the

sufficiency of the pleadings or controverts the factual allegations made in the pleadings."

See H & H Wholesale Servs., Inc. v. United States, 30 CIT 689, 691, 437 F. Supp. 2d

1335, 1339 (2006) (citation omitted).  If the motion controverts the basis for jurisdiction

pled by the non-moving party, then "the allegations in the complaint are not controlling,"

and the court assumes that all undisputed facts alleged in the complaint are true.  Cedars-

Sinai Med. Ctr. v. Watkins, 11 F.3d 1573, 1583–84 (Fed. Cir. 1993).  The court may

decide to dismiss an action for failure to state a claim if the claim is barred by the doctrine

of claim preclusion.  See Bowers, Inv. Co. v. United States, 695 F.3d 1380, 1384 (Fed.

Cir. 2012).

---

("SSSS from Germany"); Certain Cold-Rolled Carbon Steel Flat Products From the Netherlands,
61 Fed. Reg. 47,871, 47,871 (Dep't Commerce Sept. 11, 1996) (amended final determination
pursuant to CIT decision) ("Cold-Rolled Carbon from the Netherlands")).   Further, Defendant
argues that even if Plaintiff's argument had merit and Commerce was obligated to recalculate the
all-others rate, Plaintiff's recourse would not be to file a separate action, but seek enforcement of
the court's order following the court's decisions in U.S. Steel I and U.S. Steel II.  See id. at 2–3.

## DISCUSSION

### I.  Jurisdiction

Defendant claims that the Court lacks subject-matter jurisdiction over Plaintiff's action.  <u>See</u> Mot. Dismiss at 7–9; Def.'s Reply Supp. Mot. Dismiss at 1–7, Jan. 30, 2018, ECF No. 22 ("Def.'s Reply").  Defendant argues that the triggering event to challenge the calculation of the all-others rate was the publication of the <u>Final Results</u> and, therefore, the all-others rate should have been challenged in Consol. Court No. 14-00263.  <u>See</u> Mot. Dismiss at 8.  Plaintiff argues that its claim is timely and jurisdiction exists because it was the publication of the <u>Amended ADD Order</u> in the Federal Register on June 20, 2017 that triggered its complaint and that the <u>Amended ADD Order</u> may be challenged pursuant to 28 U.S.C. § 1581(c) and 19 U.S.C. § 1516a(a)(2).  <u>See</u> Pl.'s Resp. at 9–11.  For the reasons that follow, the Court has jurisdiction over the present action pursuant to 28 U.S.C. § 1581(c).

A party may challenge an order embodying a final affirmative determination made by Commerce.  <u>See</u> 19 U.S.C. § 1516a(a)(2)(A)(i)(II), (a)(2)(B)(i); <u>see also</u> 28 U.S.C. § 1581(c).  Although 19 U.S.C. § 1516a(a)(2)(B)(i) does not specify the types of final affirmative determinations that are reviewable, or the means by which Commerce communicates those determinations, 19 U.S.C. § 1516a(a)(2)(A) further explicates what may be challenged by providing time periods for challenging different determinations.  A party may challenge an antidumping duty order based upon a final affirmative determination by filing a summons in this Court within 30 days of the order's publication in the Federal Register and, within 30 days thereafter, filing a complaint in this Court.  <u>See</u> 19 U.S.C. § 1516a(a)(2)(A)(i)(II), (a)(2)(B)(i).

Here, Commerce announced that the previously issued <u>Final Results</u> were not in conformity with this court's decisions in <u>U.S. Steel I</u> and <u>U.S. Steel II</u>, and amended the results accordingly.  <u>See</u> <u>Amended Final Results</u>, 80 Fed. Reg. at 17,631.  The <u>Amended Final Results</u> constitute a final affirmative determination that may be contested under 19 U.S.C. § 1516a(a)(2)(B)(i).  Subsequently, based on the final affirmative determination announced in the <u>Amended Final Results</u>, Commerce published the <u>Amended ADD Order</u> in the Federal Register on June 20, 2017.  <u>See</u> <u>Amended ADD Order</u>, 82 Fed. Reg. at 28,046.  The publication of the <u>Amended ADD Order</u> provides a jurisdictional basis for Plaintiff's action.  <u>See</u> 19 U.S.C. § 1516a(a)(2)(A)(i)(II).  Plaintiff filed its summons and complaint on July 20, 2017, 30 days after publication of the <u>Amended ADD Order</u>.  <u>See</u> Summons, July 20, 2017, ECF No. 1; Compl.  Accordingly, Plaintiff complied with the timing requirements of 19 U.S.C. § 1516a(a)(2)(A).  Plaintiff's complaint in the present action challenges Commerce's purported failure to recalculate the all-others rate in the <u>Amended ADD Order</u>, following this court's decision in <u>U.S. Steel II</u>.  <u>See</u> Compl. at ¶ 18.  Although Defendant claims that no new rate was published in the <u>Amended ADD Order</u>, <u>see</u> Def.'s Reply 2–3, the issue of whether a new rate was published is a separate issue from whether the Court can hear a challenge to an alleged error in the <u>Amended ADD Order</u>.

## II.  Claim Preclusion and Exhaustion of Administrative Remedies

Defendant argues that Plaintiff's claim is precluded and that Plaintiff failed to exhaust its administrative remedies.  <u>See</u> Mot. Dismiss at 9–16; Def.'s Reply at 7–9.  Plaintiff argues that its claim is not barred by the doctrine of claim preclusion because at issue here is the failure to recalculate the all-others rate, which was not, and could not

have been, at issue in Consol. Court No. 14-00263.  See Pl.'s Resp. at 11–14.  Plaintiff

also argues that its claim is not barred by the doctrine of exhaustion because it could not

have challenged Commerce's calculation of the all-others rate until the publication of the

Amended ADD Order and, further, because its claim in this action is a pure question of

law.  See id. at 14–17.  Plaintiff's claim is precluded and the court need not reach

Defendant's argument that Plaintiff has not exhausted its administrative remedies.

     The doctrine of claim preclusion not only prohibits the litigation of matters that were

previously litigated, but also those that could have been litigated.  See Bowers, 695 F.3d

at 1384.  A claim will be precluded when there is

> (1) an identity of parties or their privies, (2) a final judgment on the merits of
> the first suit, and (3) the later claim [is] to be based on the same set of
> transactional facts as the first claim such that the later claim should have
> been litigated in the prior case[]

Id. (citing Ammex, Inc. v. United States, 334 F.3d 1052, 1055 (Fed. Cir. 2003)).

     Plaintiff could have challenged the all-others rate at the time that it challenged the

individual respondents' rate in U.S. Steel I.  When Commerce issues a final antidumping

determination, the relevant statute directs Commerce to also calculate an estimated all-

others rate.  See 19 U.S.C. § 1673d(c)(5)(A).  The statute provides that, generally, the

estimated all-others rate will be based on the weighted average of the estimated dumping

margins calculated for the individually investigated exporters and producers, excluding

rates that are zero, de minimis, or based entirely on facts otherwise available.  See id.

Although Plaintiff argues that the present action is not based on the "same set of

transactional facts" because the all-others rate was not an issue underlying the challenge

in U.S. Steel I and U.S. Steel II, see Pl.'s Resp. at 11–12, the plaintiff in Consol. Court

No. 14-00263 had all the facts that it needed to seek a change to the all-others rate in

that action.  The plaintiff in Consol. Court No. 14-00263 sought to challenge the rate of the mandatory respondents, <u>see</u> Compl., Nov. 10, 2014, ECF No. 9, Consol. Court No. 14-00263, and could have sought a corresponding change in the all-others rate at the same time.

Plaintiff's claims that Commerce was required to recalculate the all-others rate as a matter of law or based upon its past practice are necessarily merged into the judgment in <u>U.S. Steel II</u>.  Plaintiff claims that it had no reason to believe that Commerce would not follow the statutory directive to recalculate the all-others rate based on methodology provided in 19 U.S.C. 1673d(c)(5)(A), or that Commerce would contravene what Plaintiff claims is Commerce's established practice of recalculating the all-others rate.[4]  <u>See</u> Pl.'s Resp. at 5–8.  Plaintiff contends that it was only after the <u>Amended ADD Order</u> was published that a challenge arose.  <u>See id.</u> at 11–12, 14.  Plaintiff argues that 19 U.S.C. 1673d(c)(5)(A) "unequivocally requires" the calculation of the all-others weight in a specific manner.  <u>Id.</u> at 5.[5]  Plaintiff, in essence, contends that the judgment in <u>U.S. Steel II</u> required Commerce to recalculate the all-others rate.  Therefore, Plaintiff's claim is precluded and its complaint is dismissed.  The court does not need to reach, and so does not reach, the question of whether Plaintiff failed to exhaust its administrative remedies.

---

[4] Plaintiff also cited several cases for the proposition that Commerce cannot use a dumping margin that has been invalidated by the courts to calculate the all-others rate.  <u>See</u> Pl.'s Resp. at 6.

[5] Plaintiff argues that it is Commerce's practice to revise the all-others rate, regardless of whether it is challenged in the underlying complaint.  <u>See</u> Pl.'s Resp. at 6–8 (citing <u>e.g.</u>, <u>OCTG from Turkey</u>; <u>SSSS from Germany</u>; <u>Cold-Rolled Carbon from the Netherlands</u>).

Plaintiff may seek to enforce the judgment in U.S. Steel II, if the Plaintiff believes

that the judgment in U.S. Steel II requires Commerce to recalculate the all-others rate.[6]

The Court has inherent authority to enforce its own judgments.  See B.F. Goodrich Co. v.

United States, 18 CIT 35, 36, 843 F. Supp. 713, 714 (1994).

## CONCLUSION

For the reasons set forth, Defendant's motion to dismiss is granted and Plaintiff's

complaint is dismissed.  Judgment will enter accordingly.


                                                    /s/ Claire R. Kelly
                                                   Claire R. Kelly, Judge

Dated: May 18, 2018
        New York, New York

---

[6] A motion to enforce judgment will be granted by this Court "'when a prevailing plaintiff demonstrates that a defendant has not complied with a judgment entered against it, even if the noncompliance was due to misinterpretation of the judgment.'"  GPX Int'l Tire Corp. v. United States, 39 CIT __, __, 70 F. Supp. 3d 1266, 1272 (2015) (quoting Heartland Hosp. v. Thompson, 328 F. Supp. 2d 8, 11 (D.D.C. 2004)).